IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANITA L. COBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  4:23-cv-00680 |
| | ) | |
| KANSAS CITY AREA TRANSPORTATION | ) | |
| AUTHORITY D/B/A KCATA, | ) | |
| **SERVE:** | ) | **DEMAND FOR JURY TRIAL** |
| Frank White, III | ) | |
| President and CEO | ) | |
| 1200 East 18th Street | ) | |
| Kansas City, Missouri 64108 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Anita L. Cobbins, by and through counsel, and for her causes of action against Defendant Kansas City Area Transportation Authority d/b/a KCATA, for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), the Americans with Disabilities Act, As Amended, 42 U.S.C. §12101, et seq., ("ADAAA"), and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981), states and alleges as follows:

### PARTIES

1.      Plaintiff is an individual residing at 10620 Jefferson Street, Apt. 101, Kansas City, Missouri 64114, and she was employed by Defendant beginning on or about December 10, 1990 as Public Relations Coordinator, until her termination from her final position as Customer

Relations Manager on or about October 15, 2020. Plaintiff was born in 1958 and is presently 65 years old.

2. Defendant Kansas City Area Transportation Authority d/b/a KCATA is a public transportation entity, organized, existing and operating pursuant to the laws of the State of Missouri.

3. Defendant is located and conducting official business in Jackson County, Missouri at its offices located at 1200 East 18th Street, Kansas City, Missouri.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the acts complained of involve violations of Plaintiff's rights under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), the Americans with Disabilities Act, As Amended, 42 U.S.C. §12101, et seq., ("ADAAA"), and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981).

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the District including the unlawful employment practices set forth herein that are alleged to have been committed in this District by Defendant in Kansas City, Jackson County, Missouri.

## FACTUAL ALLEGATIONS

6. Plaintiff was employed by Defendant beginning on or about December 10, 1990 as Public Relations Coordinator and continuing in her final position as Customer Relations Manager until her termination on or about October 15, 2020.

2

7. At all times herein mentioned, Plaintiff was an "employee" of the Defendant within the meaning of Title VII, the ADEA, the ADAAA, and Section 1981 and she was entitled to all the benefits and protections of those laws.

8. Defendant is an "employer" of Plaintiff within the meaning of Title VII, the ADEA, the ADAAA and Section 1981.

9. Defendant is engaged in an industry affecting commerce and it has employed 500 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10. Throughout her employment with the Defendant, Plaintiff was subject to the control of the Defendant as to the means and manner of accomplishing her work as an employee of Defendant.

11. Throughout her almost 30 years of employment with Defendant, Plaintiff performed all duties of her job as required, exceeded the expectations of her positions, and received praise, raises, promotions, and excellent evaluations for her work performance.

12. Plaintiff is a 65-year-old African American female and she suffers from diagnosed disabling medical conditions resulting from a head-on car collision, including a neurological disorder, partial paralysis due to a spinal cord injury, and other or related mobility impairments that qualify for protection as disabilities under the ADAAA.

13. Despite her medical conditions, Plaintiff was able to perform the essential functions of her positions with Defendant, either with or without reasonable accommodations.

14. At the time she was terminated by Defendant, Plaintiff was the best qualified, oldest, and only African American female and disabled employee in her position, and she was performing her job functions as well as marketing related functions.

15. Beginning in 2016 and continuing through her termination and thereafter, Plaintiff experienced a pattern and practice of discrimination and retaliation based on age, race, sex and/or disability in the terms and conditions of her employment.

16. Plaintiff expressed her objections to this illegal and discriminatory treatment by Defendant, however, she continued to be subjected to discriminatory and retaliatory treatment in the form of discriminatory statements and actions including questions about when she planned to retire, a hostile work environment, exclusion from meetings, demotions and/or removal or transfer from her role in marketing and other diminution of duties, promotion denial, denial of pay and benefits equivalent to similarly situated employees outside her protected classes, failures and refusals to consider or interview her for open positions or promotions, and ultimately her wrongful termination and denial of severance pay without any legitimate reason and in violation of Defendant's policies and procedures as of October 15, 2020.

17. Less qualified, younger, non-disabled, non-minority and/or male employees who were similarly situated to Plaintiff were retained and not subjected to the same discriminatory and retaliatory actions as Plaintiff.

18. Since Plaintiff's termination and up to the present, she has been illegally denied the opportunity to be reinstated or re-hired for positions at Defendant that she is well-qualified for in spite of her availability and interest in such positions, which on information and belief were filled by less-qualified, younger and/or non-African-American, non-disabled, or male employees.

19. The true reasons for the illegal actions against Plaintiff in the terms and conditions of her employment, as described above, were illegal race, age, disability, and/or sex discrimination, and/or retaliation.

4

20. The actions of Defendant against Plaintiff and other similarly situated employees constitute a pattern and practice of discrimination and retaliation.

21. Despite her complaints about Defendant's illegal and discriminatory conduct, Plaintiff was terminated in violation of law on or about October 15, 2020.

22. Similarly situated, substantially younger non-minority, non-disabled, and/or male employees were not subjected to the same adverse actions in the terms and conditions of their employment as Plaintiff received.

23. On information and belief, shortly after her termination, Plaintiff was replaced and/or her duties were assumed by less-qualified, substantially younger non-minority, non-disabled, and/or male employees.

24. Defendant's illegal, discriminatory, hostile and retaliatory conduct against Plaintiff included hostile and discriminatory comments and actions, and other adverse actions impacting the terms and conditions of Plaintiff's employment including her wrongful termination on or about October 15, 2020.

25. These adverse actions were taken without any legitimate reason and in violation of the law and less-qualified, substantially younger non-minority, non-disabled, and/or male employees who had not requested accommodations, and/or those who had not complained about or reported discrimination or retaliation, were treated more favorably.

26. The true reasons for the discriminatory and retaliatory employment actions of Defendant against Plaintiff, including but not limited to those adverse employment actions set forth above, were illegal race, age, disability, and/or sex discrimination, and/or retaliation for Plaintiff's complaints of discrimination, and/or her protected actions in advising her employer of her protected medical conditions.

5

27.     Defendant engaged in a pattern and practice of race, sex, age and/or disability discrimination and/or retaliation with respect to a hostile work environment, unfair discipline, disparate hiring, firing and a focus on getting rid of older non-minority female employees or those with disabilities or serious health conditions or those who reported discrimination or retaliation.

28.     Throughout Plaintiff's employment with Defendant, she was subjected to race, age, sex and disability discrimination and retaliation in violation of Title VII, the ADEA, the ADAAA and Section 1981.

29.     During the course of her employment with Defendant, Plaintiff met all qualifications for the position that she held with Defendant.

30.     Plaintiff was illegally terminated from her employment with Defendant on or about October 15, 2020.

31.     On July 13, 2021, Plaintiff filed a timely charge alleging race, sex, age and disability discrimination, and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC").  (Attached as Exhibit A.)

32.     On or about June 29, 2023 and June 30, 2023, the United States Department of Justice and the EEOC mailed Notices of Right to Sue letters to Plaintiff.  (Attached as Exhibit B.)

33.     This case has been filed within 90 days after Plaintiff received the Notice of Right to Sue from the EEOC and DOJ.

34.     Plaintiff has met all deadlines and has satisfied all administrative prerequisites to filing suit.

6

## COUNT I – RACE DISCRIMINATION (TITLE VII AND SECTION 1981)

35.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 34 above.

36.     Plaintiff's race (African American) was a motivating and/or but for causal factor in Defendant's intentional decisions to discriminate against her in the terms and conditions of her employment, including, but not limited to, discriminatory statements and actions including questions about when she planned to retire, a hostile work environment, exclusion from meetings, demotions and/or removal or transfer from her role in marketing and other diminution of duties, promotion denial, denial of pay and benefits equivalent to similarly situated employees outside her protected classes, failures and refusals to consider or interview her for open positions or promotions, and her wrongful termination.

37.     The Defendant knew or should have known of the unwelcome race discrimination against its employees, including Plaintiff.

38.     The Defendant failed to take prompt and appropriate corrective action to end the race discrimination against its employees, including Plaintiff.

39.     The Defendant failed to make good faith efforts to enforce its policies to prevent race discrimination against its employees, including Plaintiff.

40.     During Plaintiff's employment with Defendant, she and similarly situated employees were subjected to an ongoing pattern and practice of discrimination in the terms and conditions of employment including but not limited discriminatory statements and actions including questions about when she planned to retire, a hostile work environment, exclusion from meetings, demotions and/or removal or transfer from her role in marketing and other diminution of duties, promotion denial, denial of pay and benefits equivalent to similarly situated

7

employees outside her protected classes, failures and refusals to consider or interview her for open positions or promotions that were in fact based on race against African American employees, and her wrongful termination.

41. The Defendant's conduct was outrageous as it maliciously or recklessly violated Plaintiff's rights under Title VII and Section 1981 and is sufficiently culpable to warrant an award of punitive damages.

42. As a direct result of the Defendant's illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits and other monetary damages associated with loss of work, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against the Defendant on Count I, and requests an award of her actual damages, including but not limited to her lost wages and benefits and other monetary damages, with interest through the date of trial and thereafter, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to including but not limited to front pay and/or reinstatement, pre-judgment interest, post-judgment interest, and any such other relief as the Court deems just and proper.

<u>**COUNT II – SEX DISCRIMINATION (TITLE VII)**</u>

43. Plaintiff incorporates by reference the allegations of paragraphs 1 through 42 above.

44. Plaintiff's sex was a motivating factor in Defendant's intentional decisions to discriminate against her in the terms and conditions of her employment as set forth above, including but not limited to discriminatory statements and actions including questions about when she planned to retire, a hostile work environment, exclusion from meetings, demotions and/or removal or transfer from her role in marketing and other diminution of duties, promotion denial, denial of pay and benefits equivalent to similarly situated employees outside her protected classes, failures and refusals to consider or interview her for open positions or promotions and replacing Plaintiff with less-qualified male employees and her wrongful termination.

45. Defendant has engaged in a pattern and practice of sex discrimination including as set forth previously herein.

46. The discriminatory actions of Defendant detrimentally affected Plaintiff in the terms and conditions of her employment with Defendant.

47. Plaintiff complained about these discriminatory actions to Defendant's management and demanded that the discrimination cease.

48. Defendant knew, or should have known, of the sex discrimination against its employees, including Plaintiff.

49. Defendant failed to take prompt and appropriate corrective action to end the sex discrimination against its employees, including Plaintiff.

50. Defendant failed to make good faith efforts to enforce its policies to prevent sex discrimination against its employees, including Plaintiff.

51.     Defendant's conduct was outrageous as it maliciously or recklessly violated Plaintiff's rights under Title VII, and is sufficiently culpable to warrant an award of punitive damages.

52.     As a direct result of Defendant's illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count II, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to front pay and/or reinstatement, pre and post judgment interest, and any such other relief as the Court deems just and proper.

## COUNT III – AGE DISCRIMINATION (ADEA)

53.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 52 above.

54.     Plaintiff's age was a determining factor in Defendant's intentional decision to discriminate against her in the terms and conditions of her employment, including, discriminatory statements and actions including questions about when she planned to retire, a hostile work environment, exclusion from meetings, demotions and/or removal or transfer from her role in marketing and other diminution of duties, promotion denial, denial of pay and benefits equivalent to similarly situated employees outside her protected classes, failures and refusals to

10

consider or interview her for open positions or promotions, and by terminating her employment with Defendant.

55. The Defendant manifested its illegal age bias through age biased comments and actions as set forth herein, including but not limited to adverse job actions including discriminatory statements and actions including questions about when she planned to retire, a hostile work environment, exclusion from meetings, demotions and/or removal or transfer from her role in marketing and other diminution of duties, promotion denial, denial of pay and benefits equivalent to similarly situated employees outside her protected classes, failures and refusals to consider or interview her for open positions or promotions, and her termination.

56. Defendant knew, or should have known, of the age discrimination against its employees, including Plaintiff.

57. Defendant failed to take prompt and appropriate corrective action to end the age discrimination against its employees, including Plaintiff.

58. Defendant failed to make good faith efforts to enforce its policies to prevent age discrimination against its employees, including Plaintiff.

59. Defendant's conduct was willful, and showed complete indifference to or conscious disregard of the rights of Plaintiff under the ADEA, thus justifying an award of liquidated damages.

60. As a direct result of Defendant's illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to her reputation, and other nonpecuniary losses.

11

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count III, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to front pay and/or reinstatement, pre and post judgment interest, and any such other relief as the Court deems just and proper.

## COUNT IV – DISABILITY DISCRIMINATION (ADAAA)

61. Plaintiff incorporates by reference the allegations of paragraphs 1 through 60 above.

62. The Defendant intentionally discriminated against Plaintiff on the basis of her disability, her record of a disability, or because it regarded her as disabled in the terms and conditions of her employment, including, but not limited to, by refusing to provide reasonable accommodations for her disability, by subjecting her to disability biased comments and actions, and including but not limited to, by subjecting her to adverse job actions including discriminatory statements and actions including questions about when she planned to retire, a hostile work environment, exclusion from meetings, demotions and/or removal or transfer from her role in marketing and other diminution of duties, promotion denial, denial of pay and benefits equivalent to similarly situated employees outside her protected classes, failures and refusals to consider or interview her for open positions or promotions, and by its termination of Plaintiff for false, pre-textual reasons.

63. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of that term as utilized in the ADAAA, either as an individual with a physical or mental impairment related to neurological disorder, partial paralysis due to a spinal

12

cord injury, and other related mobility impairment, who can perform all of the essential functions of her job with or without accommodations, or because she has a record of such an impairment, or because Defendant regarded her as having such an impairment.

64. The Defendant discriminated against Plaintiff on the basis of her disability by (a) not making reasonable accommodations to the known limitations of an otherwise qualified individual with a disability; (b) denying employment opportunities to and thereafter terminating an employee who is an otherwise qualified individual with a disability; (c) subjecting a qualified individual with a disability to different terms, conditions and privileges of employment than the terms, conditions and privileges available to non-disabled employees; and (d) refusing to accommodate and otherwise interfering with an individual in her exercise of rights under federal law prohibiting discrimination on the basis of a qualified disability, thereby violating the ADAAA.

65. Defendant's illegal treatment of Plaintiff as set forth above and herein was motivated by an actual or perceived impairment related to her neurological disorder, partial paralysis due to a spinal cord injury, and other related mobility impairment, and Plaintiff's medical impairments are not both transitory and minor.

66. Plaintiff was able to perform the essential functions of all her positions with Defendant throughout her employment and at the time of her termination in her final position as Customer Relations Manager, either with or without reasonable accommodations.

67. Defendant's beliefs regarding Plaintiff's neurological disorder, partial paralysis due to a spinal cord injury, and other related mobility impairment were a motivating factor in Defendant's adverse treatment of Plaintiff as set forth above and herein, including Defendant's decision to terminate her employment.

13

68. Defendant was aware of Plaintiff's medical impairments.

69. Defendant failed to engage in the interactive process and failed to discuss or provide reasonable accommodations to address Plaintiff's medical impairments, assuming such impairments qualify as disabilities under the ADAAA.

70. As a direct and proximate result of the continuing pattern and practice of discrimination directed toward her or disparate treatment of her and of the Defendant's termination of her, Plaintiff has suffered actual damages in the form of lost wages, lost fringe benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, pain and suffering, future medical expense, mental anguish, emotional distress, loss of enjoyment of life, humiliation, upset and other emotional distress, damage to her reputation, diminished job opportunities, and in other respects, all in an amount yet to be determined.

71. The Defendant's conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish the Defendant and to deter the Defendant from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count IV, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to front pay and/or reinstatement, pre and post judgment interest, and any such other relief as the Court deems just and proper.

14

## COUNT V – RETALIATION (TITLE VII, SECTION 1981, ADEA AND ADAAA)

72. Plaintiff incorporates by reference the allegations of paragraphs 1 through 71 above.

73. Plaintiff had a good faith, reasonable belief that Defendant was engaging in unlawful employment practices that are prohibited under Title VII, Section 1981, the ADEA and the ADAAA, including disparate treatment of Plaintiff by Defendant in the terms and conditions of her employment compared with similarly situated, non-minority, younger, male and/or non-disabled employees, and she reported her opposition to these unlawful discriminatory practices based on race, sex, age, and/or disability to the Defendant as set forth herein.

74. The Defendant retaliated against Plaintiff in the terms and conditions of her employment because of her opposition to unlawful employment practices and/or because of her protected actions in requesting reasonable accommodations for a qualified disability, including but not limited to, questions about when she planned to retire, a hostile work environment, exclusion from meetings, demotions and/or removal or transfer from her role in marketing and other diminution of duties, promotion denial, denial of pay and benefits equivalent to similarly situated employees outside her protected classes, failures and refusals to consider or interview her for open positions or promotions, and by its termination of Plaintiff for false, pre-textual reasons.

75. Plaintiff's opposition to the Defendant's unlawful employment practices, and/or her requests for accommodation, were motivating, determining, and/or but for causal factors in the Defendant's decision to retaliate against her in the terms and conditions of her employment.

76. As a direct and proximate result of the Defendant's continuing pattern and practice of illegal retaliation directed toward her or disparate treatment of her and of the

Defendant's termination of her, Plaintiff has suffered actual damages in the form of lost wages, lost fringe benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, pain and suffering, future medical expense, mental anguish, emotional distress, loss of enjoyment of life, humiliation, upset and other emotional distress, damage to her reputation, diminished job opportunities, and in other respects, all in an amount yet to be determined.

77.     The Defendant failed to make good faith efforts to enforce its policies to prevent discrimination and retaliation against its employees, including Plaintiff.

78.     The Defendant's retaliatory conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff under Title VII, Section 1981, the ADEA and/or the ADAAA, thus justifying an award of liquidated and/or punitive damages in an amount sufficient to punish the Defendant and to deter it from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in her favor and against the Defendant on Count V, and requests an award of her actual damages, including but not limited to her lost wages and benefits, with interest through the date of trial (Title VII, Section 1981, ADEA and ADAAA), damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses (Title VII, Section 1981, and ADAAA) damages for future loss of wages and benefits (Title VII, Section 1981, ADEA and ADAAA), liquidated damages (ADEA), punitive damages (Title VII, Section 1981, and ADAAA), all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to front pay and/or reinstatement, pre and post judgment interest, and any such other relief as the Court deems just and proper (Title VII, Section 1981, ADEA and ADAAA).

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Missouri as the trial site for this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**SIRO SMITH DICKSON PC**

By  /s/ Eric W. Smith
    Eric W. Smith        MO #47108
    Rik N. Siro         MO #33908
    Ryan P. McEnaney    MO #70235
    1621 Baltimore Avenue
    Kansas City, Missouri  64108
    816.471.4881 (Tel)
    816.471.4883 (Fax)
    esmith@sirosmithdickson.com (email)
    rsiro@sirosmithdickson.com (email)
    rmcenaney@sirosmithdickson.com (email)

**ATTORNEYS FOR PLAINTIFF**